IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TEODULO CANTU-DELGADILLO, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-114 |
| E.M. TROMINSKI,<br>INS DISTRICT DIRECTOR, ET AL. | § § § | |

| | | |
|---|---|---|
| DANIEL CARRIZALOS-PEREZ, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-136 |
| AARON CABRERA,<br>INS ACTING DISTRICT DIRECTOR,<br>ET AL. | § § § § | |

| | | |
|---|---|---|
| MANUEL SANDOVAL-HERRERA, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-138 |
| AARON CABRERA,<br>INS ACTING DISTRICT DIRECTOR,<br>ET AL. | § § § § | |

| | | |
|---|---|---|
| RAUL HERNANDEZ-PANTOJA, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-197 |
| JOHN ASHCROFT, ATTORNEY GENERAL<br>OF THE UNITED STATES, ET AL. | § § § § | |

| | | |
|---|---|---|
| **JOSE MARTIN OVIEDO-SIFUENTES,** | § § | |
| v. | § § | **CIVIL ACTION NO. B-02-198** |
| **JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES, ET AL.** | § § § § | |

| | | |
|---|---|---|
| **CESAR LUCIO,** | § § | |
| v. | § § | **CIVIL ACTION NO. B-02-225** |
| **JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES, ET AL.** | § § § § | |

| | | |
|---|---|---|
| **PRAXEDIS RODRIGUEZ-CASTRO,** | § § | |
| v. | § § | **CIVIL ACTION NO. B-02-228** |
| **JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES, ET AL.** | § § § § | |

## ORDER

BE IT REMEMBERED, that on November 10, 2005, the Court **GRANTED** Defendants' Amended Opposed Motion to Return Case to Fifth Circuit. The Court treats this motion as a motion for transfer to cure want of jurisdiction, though it is not so entitled.

### Procedural History

This Court consolidated nine habeas petitions from lawful permanent residents who were found removable and ineligible for discretionary relief from removal by the Board of Immigration Appeals ("BIA") based on state court simple possession offenses. This Court denied the petitions. All petitioners appealed, and the Fifth Circuit selected two cases, Salazar-Regino and Rangel-Rivera, as lead cases for briefing and argument. *Salazar-Regino v. Trominski*, 415 F.3d 436, 441 (5th Cir. 2005). In an effort

to resolve a debate about the proper court for direct review of a BIA order of removal, the Fifth Circuit transferred the two lead cases to itself rather than dismiss the petitions due to the aliens' failure to exhaust available judicial remedies. *Id.* The Fifth Circuit held that deferred adjudication of guilty under Texas law for possession constituted a "conviction" and an "aggravated felony" for immigration purposes and that retroactive application of judicial decisions concerning these definitions did not violate the aliens' due process or equal protection rights. *Id.*

### Jurisdictional Inquiry

The Fifth Circuit identified issues that comprise the "jurisdictional inquiry" including: whether the alien was "convicted" for purposes of removal, constitutional challenges to the application of a new policy retroactively, and whether the conditions that bar jurisdiction under section 1252(a)(2)(c) apply. *Id.* at 443. See 8 U.S.C. § 1252(a), (a)(2)(C). On appeal, the Court of Appeals held that their court had jurisdiction to entertain such threshold issues. Additionally, the Fifth Circuit clarified the exhaustion requirements and concluded that dismissal of the alien's habeas petition by either court would have been appropriate because direct review was available. *See Ins v. St. Cyr*, 533 U.S. 289 (2001). Finally, the Fifth Circuit transferred the cases to itself in the interest of judicial economy under section 1631 while recognizing that the statute authorizes the court in which the action is filed to effect a transfer. *See* 28 U.S.C. § 1631.

### Consolidation Under Federal Rule of Civil Procedure 42

While nine cases were consolidated, only *Salazar-Regino* and *Rangel-Rivera* have been briefed and heard. Under Federal Rule of Civil Procedure 42(a), actions may be consolidated when they involve common issues of law or fact. Fed. R. Civ. P. 42. Consolidation increases efficiency and reduces the risk of inconsistency. However, consolidation does not merge separate lawsuits into one action, and thus, each action must have a separate jurisdictional basis. *Bristol-Myers Squib Co. v. Safety Nat'l Casualty Corp.* 43 F. Supp. 734, 745 (E.D. Tex. 1999).

### Transfer

If a court finds want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought. *See* 28 U.S.C. § 1631. In immigration cases, a court may transfer a case if the receiving court would have been able to exercise jurisdiction on the date that it was filed in the district court, the district court lacked jurisdiction over the case, and the transfer is in the interest of justice. *Salazar-Regino* at 445 (*citing Castro-Cortez v. INS*, 239 F.3d 1037, 1046 (9th Cir. 2001).

In the present cases, the Fifth Circuit held that direct appeal to the Court of Appeals was appropriate for the jurisdictional inquiries and that the district court lacked jurisdiction because the aliens did not directly appeal. Therefore, in the interest of justice, the Court **TRANSFERS** the remaining seven cases: B-02-114, B-02-136, B-02-138, B-02-197, B-02-198 to the Fifth Circuit.

### Conclusion

The Court **GRANTS** Defendants' Amended Opposed Motion to Return Case to Fifth Circuit. The Court **TRANSFERS** the remaining seven cases: B-02-114, B-02-136, B-02-138, B-02-197, B-02-198 to the Fifth Circuit.

DONE at Brownsville, Texas, this 10th day of November, 2005.

_____
Hilda G. Tagle
United States District Judge